CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 23, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Dr. Angela A. Wilmot, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00070 |
| | ) | |
| Paul G. Mahoney *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Dr. Angela A. Wilmot, proceeding *pro se*, filed a complaint in this court on September 8, 2025. (Compl. (Dkt. 1).) Wilmot has also applied for leave to proceed *in forma pauperis* and to proceed under protection of seal. (Dkts. 2, 3.) The court will deny the motion for leave to proceed *in forma pauperis*, deny the motion to proceed under protection of seal,[1] and dismiss Wilmot's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[1] Wilmot moves to proceed under protection of seal, claiming that her pleadings are Highly Sensitive Documents ("HSD"). An HSD is a document or other material that contains sensitive but unclassified information that "warrants exceptional handling and storage procedures to prevent significant consequences that could result if such information were obtained or disclosed in an unauthorized way." W.D. Va. Standing Order No. 2024-5, Exhibit A. Examples include "*ex parte* filings relating to national security investigations, cyber investigations, and especially public corruption investigations and documents containing a highly exploitable trade secret, financial information, or computer source code belonging to a private entity, the disclosure of which could have significant national or international repercussions." *Id.* at 2. A party seeking to file an HSD in this court must, before such filing, certify their "good-faith belief that the material meets the HSD definition" and "articulate why HSD treatment is warranted." *Id.* Wilmot asserts that she is requesting to proceed under seal "due to tortious actions of a minor's health information, including conspiracies to hide attempted vehicular murder involving federal and state employees, related to some [Department of Defense] employees." (Dkt. 3.) She also filed a motion to supplement this motion with new information, (Dkt. 4), but nothing in the motion to supplement is relevant to HSDs or filing under seal. Wilmot's complaint does not meet the definition of an HSD, and her unsupported assertions do not convince the court that sealed treatment is necessary. The court will therefore deny both Wilmot's motion to proceed under protection of seal, (Dkt. 3), and her motion to supplement that motion, (Dkt. 4).

[2] In her complaint, Wilmot asks the undersigned to recuse herself due to conflicts of interest. (*See* Compl. at 19.) Any federal judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned. 28 U.S.C. § 455. But a judge need not recuse because of "unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). Regarding Wilmot's claims related to the University of Virginia, a judge's

## I.     Standard of Review

The court must dismiss a complaint filed *in forma pauperis* at any time the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). A complaint fails to state a claim when the well-pleaded allegations, accepted as true, do not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must also construe *pro se* complaints liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But a plaintiff still must plead facts sufficient to state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 566 U.S. at 678. At this stage, "bare assertions devoid of further factual enhancement fail to constitute well-pled facts." *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

A case may be filed under federal court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. For a court to exercise

---

alumni status at a defendant-university is not sufficient grounds for recusal. *See Maurey v. Univ. of Southern California*, 12 F. App'x 529, 532 (9th Cir. 2001). The remaining conflict-of-interest claims made by Wilmot are speculative at best. The undersigned therefore will not recuse herself from this matter.

jurisdiction under section 1331, the federal question must appear on the face of the plaintiff's well-pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Section 1332 authorizes a federal court to exercise diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

## II. Analysis

Wilmot has not provided enough information for the court to grant her motion to proceed *in forma pauperis*. A federal court may allow certain litigants to commence a civil action without having to advance the fees and costs associated with litigation. *See* 28 U.S.C. 1915(a); *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003). But *in forma pauperis* status "is a privilege, not a right, and is only available to a litigant who establishes an inability, due to poverty, to pay the requisite filing fees and still provide for the necessities of life." *El v. U.S. Dep't of Commerce*, No. 2:15-cv-00532, 2016 WL 9223874, at *1 (E.D. Va. Sept. 21, 2016) (citation and internal quotations omitted).

While Wilmot has included some of her assets, monthly expenses, and debts in her application, she has not alleged sufficient information for the court to determine her income or relevant assets. Wilmot states that her "gross pay or wages" from self-employment are "$1,200," but does not specify her pay period. (Dkt. 2 at 1.) She also fails to specify the sources and amounts of the other income she claims she receives from the "Pan American

- 3 -

Orchestra, Washington" and from "family gifts." (*Id.*) The court will therefore deny her motion to proceed *in forma pauperis*.

Wilmot's complaint also fails to state any plausible claim for relief. She purports to bring this suit under 42 U.S.C. § 1983, which requires she assert a claim for a violation of constitutional rights or of federal law. *West v. Akins*, 487 U.S. 42, 48 (1988). State officials may be sued in their official capacity for prospective injunctive relief under § 1983, but plaintiffs must allege an ongoing or continuing violation of federal law. *See Ex Parte Young*, 209 U.S. 123, 159 (1908); *Antrican v. Odom*, 290 F.3d 178, 185–86 (4th Cir. 2002). Wilmot brings this suit against defendants Paul G. Mahoney, Interim President of the University of Virginia, and Dr. Matthew Haas, Superintendent of Albemarle County Schools, in their official capacities as state officials. She does not, however, allege sufficient facts to state a claim against them under § 1983.[3]

Wilmot fails to make any plausible allegations of unconstitutional or unlawful conduct against Mahoney. She asserts that she named Mahoney as a defendant because she can sue public officials for "not training and supervising" their employees appropriately. (Compl. at 20.) This claim is not supported with any factual allegations. Even if it were, supervisor defendants in § 1983 claims "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 566 U.S. at 676. A plaintiff who alleges a § 1983 claim based on supervisory liability must prove three elements: (1) "that the supervisor had actual or constructive knowledge that her subordinate was engaged in conduct

---

[3] Wilmot also names U.S. Senator Tim Kaine as a defendant. But her only allegation against Senator Kaine is that he was the Governor of Virginia when Wilmot was the victim of an alleged hate crime in 2007. (*See* Compl. at 13.) Wilmot does not plead sufficient facts about the alleged hate crime to state a plausible claim against any party, much less against Senator Kaine.

that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (cleaned up); *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Wilmot fails to allege facts sufficient to prove any of these elements. Besides claiming that Mahoney's office did not respond to an August 2025 letter, she does not mention Mahoney once in the complaint after the above-cited explanation for naming him as a defendant. (Compl. at 20.)

Similarly, Wilmot does not make any allegations of wrongdoing against Haas. In fact, he is not mentioned once in the complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Morrison v. Heffner*, No. 3:19-cv-77, 2021 WL 2384555, at *2 (E.D. Va. June 10, 2021) (dismissing a claim against a defendant where the body of the complaint did not mention him).

Wilmot also brings this suit against two private doctors based in Charlottesville, Dr. Robert Michel and Dr. Warren Quillian. She fails to state a plausible claim for relief against either of them. Wilmot's only apparent allegations against Michel are that he "pushed" her to share her daughter's health information with her daughter's school and that he later downplayed her concerns of "international pressure applied to" her family "as a result of [an] embassy's efforts in Charlottesville." (Compl. at 10, 15.) The court cannot discern a cause of

action against Michel from these allegations. Wilmot's only apparent allegations against Quillian are that he "put down any kind of nascent interest of [her] daughter's in medical school" during a doctor's visit and that he said "I am sorry" when Wilmot called him to get an antibiotic salve for her daughter's toe. (*See id.* at 12). Again, none of these allegations, even if true, plausibly support or state a cause of action against Quillian.

The only other claims the court can decipher from the complaint are allegations of medical malpractice and violations of the Family Educational Privacy Rights Act (FERPA).[4]

Wilmot appears to allege medical malpractice arising during her daughter's surgery at the University of Virginia Medical Center in 2006. (*See id.* at 7.) Wilmot only alleges the surgery was "faulty" and "did not go as planned." (*Id.* at 9, 14). She merely recounts that the "surgeon CP used the da Vinci robotic device," but does not clarify who "CP" is or how "CP" committed medical malpractice. (*See id.* at 9.) These vague, unsupported, and conclusory statements are not enough to state a plausible claim of medical malpractice.

Additionally, even if Wilmot had stated a plausible claim for medical malpractice, which she did not, this court would not have subject matter jurisdiction over it. In the absence of any facts plead to suggest Wilmot's claim arises under federal law, the court assumes it arises under Virginia state law. Since all parties in this case appear to be domiciled in Virginia, this claim does not meet Section 1332's complete diversity requirement. *See Cent. W. Va. Energy Co.*, 636 F.3d at 103. The court therefore cannot exercise diversity jurisdiction over this claim.

---

[4] While Wilmot purports to bring additional claims of conspiracy, defamation, discrimination, and illegal surveillance, the court cannot discern the facts that underly these allegations.

Wilmot also alleges that the University of Virginia has violated FERPA by refusing to provide her with directory information about her daughter—a current UVA student who is over 18 years old—and refusing her request for medical power of attorney. (*See* Compl. at 4, 8.) There is no private right to sue under FERPA, nor can parents or students sue for damages under 42 U.S.C. § 1983 to enforce provisions of FERPA. 20 U.S.C. § 1232g; *Gonzaga Univ. v. Doe*, 536 U.S. 273, 274–75 (2002). The Secretary of Education can hold a university responsible for violations of FERPA. *See* 20 U.S.C. § 1232g(f). This court cannot.

Finally, Wilmot has made no plausible claims to support the relief she requests from the court. Beyond a general request for "compensatory and punitive damages," she asks this court to: order the University of Virginia to set up a meeting with her daughter and the rest of her family; establish her medical power of attorney over her daughter; stop all "abusive bill collections"; order UVA Student Affairs to "change behavior toward [her] family"; order the UVA President's Office to apologize; and provide her with three tickets to UVA's 2026 graduation. (*See* Compl. at 18.) The court "cannot grant relief that the facts and law do not support." *Bledsoe v. Clarke*, No. 7:22-cv-00339, 2023 WL 5049329, at *3 (W.D. Va. Aug. 8, 2023). Wilmot has not alleged claims specific to the named defendants that connect their conduct to any of the requested relief. She has therefore failed to state a plausible claim upon which the court can grant relief.

## IV.   Conclusion

For the reasons stated above, Wilmot's complaint fails to allege any plausible claim of entitlement to relief. She fails to sufficiently identify conduct by each Defendant that would indicate that any Defendant could be held liable in connection with her claims.

Accordingly, the court will deny Wilmot's application to proceed *in forma pauperis*, deny her motions to proceed under protection of seal and to supplement, and dismiss her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will issue.

**ENTERED** this 23rd day of September, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE